

NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TAMARA R. PEARLMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-393-A |
| | § | |
| CITY OF FORT WORTH, TEXAS, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of defendants, P. R. McCleskey ("McCleskey"), individually and in his official capacity, and City of Fort Worth, Texas ("City"), asking for dismissal of claims against McCleskey in his official capacity and dismissal of all plaintiff's state-law claims against McCleskey. After having considered the motion, the response of plaintiff, Tamara R. Pearlman, defendants' reply, the entire record of the action, and pertinent legal authorities, the court has concluded that the motion should be granted.

I.

Nature of the Action

This action was instituted by a complaint filed by plaintiff on June 17, 2008, by which she sues City and McCleskey,

individually and in his official capacity as a police officer of the City of Fort Worth. Plaintiff alleges that McCleskey, acting as a police officer for City, physically abused plaintiff, used excessive force against her, failed to arrange for her to have needed medical treatment for injuries resulting from the force he used against her, and unlawfully seized her. Plaintiff asserts claims against both defendants under 42 U.S.C. § 1983. She also asserts claims under Texas law for false arrest and false imprisonment, intentional infliction of emotion distress, and assault and battery. The parties disagree as to whether the state-law claims are being asserted against both defendants or only McCleskey in his individual capacity. The court will return to that subject at a later point in this memorandum opinion and order.

By the prayer of the complaint, plaintiff seeks recovery of compensatory damages against defendants, jointly and severally, and punitive damages against McCleskey.

II.

Grounds of the Motion and Plaintiff's Response

Defendants move for dismissal of the claims against McCleskey in his official capacity, maintaining that those claims are redundant considering the legal authority that official-

2

capacity claims are deemed to be claims against the governmental entity for which the defendant is employed. Dismissal of the state-law claims against McCleskey in his individual capacity is sought on the basis of section 101.106(e) of the Texas Civil Practices and Remedies Code ("Code"), or, in the alternative, section 101.106(f) of the Code.

Plaintiff responds by urging the court to deny the motion in its entirety.

### III.

### Analysis

A. <u>Motion as to the Claims Against McCleskey in His Official Capacity</u>.

The court agrees with defendants that the claims against McCleskey in his official capacity are redundant inasmuch as they are deemed to be claims against City. <u>Monell v. New York Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 n.55 (1978). Therefore, the court is treating all claims plaintiff has asserted against McCleskey in his official capacity to be claims against City. The court is ordering that McCleskey is a party to this action only in his individual capacity, and that the dismissal of the claims against him in his individual capacity constitutes a

dismissal of all claims asserted against McCleskey in this action.

B. City's Motion and Alternative Motion Based on Provisions of Section 101.106.

Section 101.106 of the Code is a section of the Texas Tort Claims Act ("Act"). The (e) and (f) parts of section 101.106 to which defendants refer in their motion read as follows:

> (e) If a suit is filed under this [Act] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.
>
> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this [Act] against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code §§ 101.106(e) & (f) (Vernon 2005).

Defendants' main section 101.106 contention is based on the (e) part. They maintain that plaintiff has sued both of them for recovery of damages based on one or more of the state-law claims asserted in the complaint. According to defendants, rules announced, and holdings made, by the Texas Supreme Court in Mission Consolidated Independent School District v. Garcia, 252

4

S.W.3d 653 (Tex. 2008), require dismissal of City pursuant to section 101.106(e). The court agrees.

The decision of whether the claims against McCleskey will be dismissed pursuant to section 101.106(e) depends on whether any of plaintiff's pleaded state-law claims are asserted against both City and McCleskey. While the allegations of plaintiff's complaint are not as clear as might be desired, the court has concluded that the only reasonable reading of the complaint is that plaintiff is making state-law claims against both City and McCleskey.

As noted above, McCleskey is named as a defendant *Individually and in his Official Capacity.*" Compl. at 1. Thus, an acceptable reading of the complaint is that any time reference is made to McCleskey, it refers to him and City (bearing in mind that a suit against him in his official capacity is deemed to be a suit against City).

In the introductory paragraph in the complaint, plaintiff alleges that City and McCleskey, individually and in his official capacity, "jointly and severally, have denied Plaintiff her rights as guaranteed by the . . . laws of . . . the State of Texas." Id. Plaintiff alleges as to all acts and omissions about which she complains that "each Defendant was the agent and

employee of each other Defendant and was acting within such agency and employment . . . ." Id. at 4-5, ¶ 13. Also, plaintiff alleges that City "authorized and ratified the wrongful and tortuous acts and/or omissions of [McCleskey]." Id. at 5, ¶ 16.

The state-law causes of action plaintiff alleges are false arrest and false imprisonment, intentional infliction of emotional distress, and assault and battery. In none of the allegations asserting those causes of action does plaintiff state that she is intending to claim liability against only McCleskey in his individual capacity. She describes conduct that McCleskey engaged in individually, but that description does not define the identities of the defendants she seeks to hold liable for McCleskey's conduct. Plaintiff directly implicates City as well as McCleskey in her false arrest and false imprisonment claim by alleging that she "pleads false arrest and false imprisonment as Defendants had the intent to confine him [sic], and carried out the intent by putting him [sic] in a position so that he [sic] could not move, let alone leave," and that "[s]aid confinement resulted in harmful detention, without consent, and without authority of law." Id. at 10, ¶ 32.

By the damages section and prayer of the complaint, plaintiff defines the identities of the defendants she considers to be culpable and from whom she is seeking recovery of damages related to all of her causes of action. In the first paragraph under the heading "DAMAGES," plaintiff makes the following allegation:

> As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer general damages which include but are not limited to the following: both physical and emotional injury, including but not limited to -- pain and suffering, emotional and mental distress, and personal humiliation and shock, along with severe emotional distress.

Id. at 12, ¶ 39. She starts her prayer by saying, "Plaintiff prays that upon trial of the merits, she recover compensatory damages against Defendants, jointly and severally . . . ." Id. at 13. When she seeks recovery of damages against McCleskey only, as she did in the case of her request for punitive damages, she limits her request for recovery to damages against "Defendant McCleskey," id. at 12-13, ¶ 42 (as part of her prayer).

Plaintiff responds to Defendants' reliance on section 101.106(e) by contending that her state law claims have been brought against McCleskey alone. Resp. at 2, 4-5. She adds that dismissal of the state law claims against McCleskey would be

unwarranted because intentional tort claims could never be brought against City. Id. at 2, 5-6.

As to the first contention, the court notes that if plaintiff did not intend to seek recovery from City as to her tort claims, she most certainly failed to pay heed to the admonishment of the Texas Supreme Court in Garcia that:

> Because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually.

Garcia, 252 S.W.3d at 657. The court views the disclaimer plaintiff makes in her response to the motion of any intent to seek recovery from City on her state law claims to be but an indirect attempt to amend her complaint to cause it to be reworded in such a way that recovery for the state law claims is sought only from McCleskey. As the above quoted language from Garcia suggests, once the claim has been made for recovery from both the governmental unit and the employee, section 101.106(e) becomes irrevocably applicable. In other words, an informal amendment to plaintiff's pleading eliminating the governmental entity from the state law tort claim will not solve the plaintiff's problem. See Brown v. Xie, 260 S.W.3d 118, 122 (Tex. App.--Houston [1st Dist.] 2008, no pet.); see also Singleton v.

Casteel, ___ S.W.3d ___, No. 14-07-00932-CV, slip. op. at 3 n.6., 2008 WL 4367341 (Tex. App.--Houston [14th Dist.] September 25, 2008).

Plaintiff's position that dismissal of McCleskey pursuant to section 101.106(e) is unwarranted because intentional tort claims could never be brought against City disregards a rule articulated in Garcia that:

> [A]ll tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be under [the Tort Claims Act] for purposes of section 101.106.

Garcia, 253 S.W.3d at 659 (quotation marks omitted). Also see Kelemen v. Elliott, 260 S.W.3d 518, 522 (Tex. App.--Houston [1st Dist.] 2008, no pet.).

The court concludes that plaintiff's state-law claims against McCleskey should be dismissed pursuant to section 101.106(e). Consequently, the court does not need to decide Defendants' alternative request based on section 101.106(f). However, the court does note that, while the Supreme Court in Garcia reserved judgment on the subject, 235 S.W.3d at 660 n.5, the Kelemen court used language indicating that dismissal of the state-law claims against McCleskey would be appropriate under the authority of section 101.106(f), 260 F.3d at 524.

IV.

Order

For the reasons given above,

The court ORDERS that McCleskey is a party to this action only in his individual capacity, and that the claims made against him in his official capacity are to be, and are hereby deemed to be, claims against City.

The court further ORDERS that all state-law claims asserted by plaintiff against McCleskey be, and are hereby, dismissed.

SIGNED October 30, 2008.

_____
JOHN McBRYDE
United States District Judge